# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

RALPH L. ANDERTON, Jr., RESPONDENT, *v.* ALFRED WOLF, APPELLANT, IMPLEADED WITH THE NEW YORK CONCERT COMPANY (LIMITED) AND OTHERS

*Pleading — a demurrer must specify the defect objected to — Code of Civil Procedure, sec. 490 — action by a stockholder to prevent waste of corporate funds — when no demand need be first made on its trustees to bring an action.*

APPEAL by the defendant Wolf from an interlocutory judgment, entered upon an order overruling the appellant's demurrer interposed to the complaint.

The demurrer to the amended complaint is based, first, on the ground that there is a defect of parties defendant, in that it appears, upon the face of the complaint, that there are nine directors of the defendant company, three of whom, namely, Webber, Myers and Doty are not joined as defendants; that there are three inspectors of election, of whom only two are joined as defendants, and that certain promissory notes have been made by the defendant Rudolph Aronson, which have been transferred by him, and the transferrees or holders are not made parties.

The second ground of the demurrer is, that there are several distinct causes of action set forth in the complaint, and they severally do not affect this defendant, except one; that causes of action united in said amended complaint appear, upon the face thereof, not to belong to any one of the subdivisions of section 484 of the Code of Civil Procedure, but, on the contrary, they do belong to different subdivisions thereof; that causes of action upon claims not arising out of the same transaction, or transactions connected with the same subject of action, are included in the amended complaint; that legal and equitable actions, not referring to the same persons or subject-matter, are united in the complaint.

The third ground of the demurrer is, that the amended complaint does not state facts sufficient to constitute a cause of action.

The fourth ground is, that the amended complaint, in the paragraph relating to or stating a cause of action against the defendant Conried, does not state facts sufficient to constitute a cause of action against this defendant.

The fifth ground of the demurrer is, that the amended complaint, in the paragraph relating to or stating a cause of action against the defendants Edward Aronson and Henry R. Smith, does not state facts sufficient to constitute a cause of action against these defendants.

The court at General Term said : " The fifth and second grounds of the demurrer come respectively under subdivisions 6 and 7 of section 488 of the Code of Civil Procedure, and the particular objection or defect relied upon is required (by sec. 490) to be specifically pointed out.    In respect to this requirement of the Code, the demurrer is wholly defective.    As to the first ground of the demurrer, it does not appear upon the face of the complaint that there was a third inspector of election, nor does it appear therein who were the owners and transferrees of promissory notes alleged to have been executed by the defendant Aronson.    While, therefore, a different argument might have been based upon the demurrer, which is addressed alone to the defect of parties defendant in respect to the non-joinder of the directors of the defendant corporation, yet the demurrer must, as a whole, fail because that portion of it, even though good, cannot be sustained unless the whole of that ground of the demurrer is properly taken, otherwise the court would have to sustain one ground of the demurrer in part and overrule it in part which is clearly not contemplated by the provisions of the Code of Civil Procedure.    Moreover, what interest has this defendant in having the other defendants, for whose absence he has instituted this ground of the demurrer, brought into the case ?    In order to sustain a demurrer for a defect of parties, it must appear that the party demurring has an interest in having the omitted parties joined, or that he is prejudiced by the non-joinder.    (*Wooster* v. *Chamberlin*, 28 Barb., 602 ; *Littell* v. *Sayre*, 7 Hun, 485 ; *Moore* v. *Hegeman*, 6 id., 290 ; *Sanders* v. *Village of Yonkers*, 63 N. Y., 489.)

" The second ground stated in the demurrer is also equally fatally defective.    Here, too, the rule requires the objection and supposed

defect to be particularly and specifically pointed out by the demurrer itself.  This thing the demurrer has failed to do.  It states that there are several and distinct causes of action set forth in the complaint which do not affect the defendant, but it does not specify what they are.  It alleges that several causes of action therein stated do not belong to any one of the subdivisions of section 484 of the Code of Civil Procedure, but it does not specify them.  It also alleges that causes of action upon claims not arising out of the same transaction or transactions connected with the same subject of action are included in the complaint, but these, too, are not particularly pointed out.  It also alleges that legal and equitable actions, not referring to the same persons or the subject-matter, are united in the complaint, but wherein they are thus united and what particular actions are supposed to be equitable and what legal it does not mention.

" The third, fourth and fifth grounds of the demurrer may be considered together, and may be treated as a proper form in which to raise the question that, upon the face of the complaint, it appears that the plaintiff has not stated facts sufficient to constitute a cause of action against the demurring defendant.  This ground of the demurrer wholly misapprehends the scope and legal bearings of the complaint."

After considering the allegations of the complaint the opinion proceeds:

" We have, therefore, this defendant introduced in such a manner as to entitle the plaintiff to certain relief, provided the facts therein alleged are true.

" The action is brought by the plaintiff as one of the stockholders of the defendant company, and is instituted in his own behalf and in behalf of all others similarly situated, and it is alleged that the defendant, Rudolph Aronson, controlled the majority of the board of directors who are friendly to him, to aid and assist him in illegal acts spread out in the complaint, and without whose consent or direction this action could not be brought.   *   *   *

" No demand was made upon the officers or directors of the corporation to bring an action of this description, and the question mainly discussed at the argument relates to a supposed barrier against the plaintiff's further progress, inasmuch as such demand has not been made.  The general rule doubtless is, that before a

stockholder can institute an action which the corporation itself is capable of beginning, but fails to begin, a demand must be made upon the corporation or its officers. (*Greaves* v. *Gouge*, 69 N. Y., 154; *Spencer* v. *Clark*, Gen. Term, First Dep., October, 1885.) In the latter case, no demand had been made upon the trustees. Neither did it appear that the affairs of the corporation were under the management of any board of officers or trustees indisposed to institute the suit required or make a defense to the mortgage which was then in controversy.

" On the other hand, where it is shown by proper allegations that the corporation is under the control of those who must be defendants in the suit by which alone the proper relief can be had, a demand that such action be brought is not required. Where a fraudulent breach of trust is shown, and it is apparent on the face of the complaint that the corporation cannot move even for the protection of the stockholders who are the *cestui que trust* of the corporation, then a stockholder may be permitted, without a demand, to seek in his own behalf, and in behalf of such others as may join with him in the action, to undo the fraudulent and unlawful acts of those who have perverted the uses and purposes of the corporation and who have despoiled the stockholders of their property. (*Brewster* v. *Hatch*, 10 Abb. N. C., 406; *Heath* v. *Erie Railway Co.*, 8 Blatch., 347; *The County of Tazewell* v. *Farmers' Loan and Trust Co.*, 12 Fed. Rep., 752.)

" The interlocutory judgment, overruling the defendant's demurrer, should be affirmed, with costs, with leave to the defendant to withdraw the same and answer upon payment of the costs of the demurrer."

*Franklin Bien*, for the appellant.

*A. J. Dittenhoefer*, for the respondent.

Opinion by MACOMBER, J.; BRADY, P. J., and DANIELS, J., concurred.

Judgment affirmed, with costs, with leave to defendant to answer on payment of costs.